## Hamilton Service Corporation v. Lady Dainty Beauty Shop.

*Justice of the peace—Appeal nunc pro tunc.*

On an application for an appeal *nunc pro tunc* from the judgment of a justice of the peace, the petition should aver that defendant has a defence to the whole or part of the plaintiff's claim, and set forth particulars of the same.

Rule to show cause why an appeal *nunc pro tunc* should not be entered. C. P. Northampton Co., Nov. T., 1923, No. 67.

*Israel Krohn,* for rule; *Kirkpatrick & Maxwell,* contra.

McKeen, J., Jan. 7, 1924.—This is a rule to show cause why an appeal *nunc pro tunc* should not be entered. The petition for the rule contained eight averments of fact, the first seven of which were admitted by the defendant. From the admitted facts, it appears that plaintiff instituted suit before an alderman against defendant on or about June 8, 1923, and obtained judgment against the defendant June 15, 1923, for want of an affidavit of defence. On July 3, 1923, counsel for defendant had an appeal perfected, and no transcript was filed on or before the return-day following the entry of bail. Counsel for defendant died July 8, 1923, but it does not appear, either by averment in the petition or by depositions, that the transcript was ever in the possession of counsel. No allegation appears in the petition for the rule that the defendant has a defence to plaintiff's claim, which is essential where the equitable powers of the court are to be invoked. The petition should aver not only that defendant has a just and complete defence to plaintiff's claim, or part of same, but should also set forth the particulars thereof.

And now, Jan. 7, 1924, rule discharged.